EDDY HSU, ESQ. (BAR # 245390)
LAW OFFICE OF EDDY HSU
111 NORTH MARKET ST.
SUITE 300
SAN JOSE, CALIFORNIA 95113
(408) 625-1138
(408) 625-1139 FAX

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In Re:<br><br>LARISA VASERMAN,<br>           Debtor.<br><br>LARISA VASERMAN,<br>           Plaintiff,<br>vs<br>CHASE HOME FINANCE, LLC and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH3, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-CH3, *et al*<br>           Defendants. | Case No. 10-31035 DM<br><br>Adv. No: _____<br><br>Chapter 7<br><br>**COMPLAINT** |
|---|---|

**Complaint Seeking Damages in Core Adversary Proceeding
(Demands for Payment)**

**Introduction**

1.   This is an action for actual and punitive damages filed by the debtor pursuant to Section 524 of the Bankruptcy Code, Section 105 of the Bankruptcy Code, the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter referred to as "FDCPA"), and the California Rosenthal Act, California Civil Code, section 1788.17 (hereinafter referred to as " Rosenthal Act").

2.   In essence, Defendants harassed Plaintiff with at least (15) attempts to collect from June 2010 to August 2010 without permission from Plaintiff's counsel and despite Plaintiff's counsel's letter to creditor to cease all communications.

## Jurisdiction and Venue

3. Jurisdiction is conferred on this Court pursuant to the provision of 28 U.S.C. 1334 in that this proceeding arises from and is related to the above captioned case under Title 11.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

5. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

6. This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

7. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

8. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

9. The Plaintiff in this case was and is a debtor under Chapter 7 of Title 11 of the United States Code in case number 10-31035. The Plaintiff is a resident of San Francisco County, California.

10. The Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH3, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-CH3, (hereinafter "Deutsche") is a trust organized in New York with a business address 270 Park Avenue, New York, NY 10017.

11. The Defendant, CHASE HOME FINANCE, LLC, (hereinafter "Chase") is a corporation organized and existing under the laws of the State of California and requests all communications go to 10790 Rancho Bernardo Road, San Diego, CA 92127-5705.

## FACTS

12. The Chapter 7 case of the Plaintiff was commenced by the filing of a voluntary petition with the Clerk of this Court on March 25, 2010.

13. Discharge was granted on July 7, 2010.

14. Defendants, at all times relevant to the allegations in this complaint, knew that Plaintiffs were represented by an attorney in connection with their bankruptcy filing because Defendants filed a Request for Special Notice on April 22, 2010 and Motion for Relief From Stay on April 22, 2010.

15.     Plaintiff filed a statement of non-opposition to the Relief from Stay on April 23, 2010.

16.     On or about March 29, 2010, Chase sent the attorney for the debtor, EDDY HSU, a written letter requesting a written statement of intent of the Debtor regarding her mortgage and property.(Copy of the letter is enclosed as Exhibit A)

17.     On or about April 13, 2010, the attorney for the debtor, EDDY HSU, mail a reply stating Debtor's intent to surrender the property and instructions to cease all further communications regarding this debt.(Copy of the letter is enclosed as Exhibit B)

18.     Since that time, Debtor has received (15) notices from Chase in attempt to collect the debts.  The letters are all similar in content and consist of 5 - 12 pages of printed material.  (Attached is copy of one letter as Exhibit C.)  Here is list of all the dates received

| June 14, 2010  | June 14, 2010  |
| -------------- | -------------- |
| June 16, 2010  | June 25, 2010  |
| July 9, 2010   | July 20, 2010  |
| July 20, 2010  | July 26, 2010  |
| July 30, 2010  | August 6, 2010 |
| August 9, 2010 | August 13, 2010 |
| August 13, 2010 | August 16, 2010 |
| August 16, 2010 |  |

19.     The Plaintiff has been harassed and damaged by the Defendants' repeated and continued actions in that she have been and continue to be forced to expend her time, health, and expenses toward the defense of this contested matter.

**First Claim for Relief**
**(Violation of Discharge Injunction 11 U.S.C. 524)**

20.     The allegations in paragraphs 1 through 19 of this complaint are realleged and incorporated herein by this reference.

21.     Defendants willfully violated 11 U.S.C. 524 by unlawfully sending (15) letters to harass Plaintiff, coerce payment, and collect on a discharged debt.  At the end of some pages, the letters state "Chase is attempting to collect debt and any information obtained will be used for that purpose." That is at least **150 PAGES OF PAPER MEANT TO COLLECT A DEBT.**

22.     Each of Defendants' letters clearly states that it is trying to collect a debt.

**Second Claim for Relief**
**(Violation of California Rosenthal Act)**

23.     The allegations in paragraphs 1 through 21 of this complaint are realleged and incorporated herein by this reference.

24.     The Plaintiff is a "person" as that term is defined by California Civil Code Section 1788.2(g).

25.     The Plaintiff's relationship with the Defendant arose out of a "debt" as that term is defined in California Civil Code Section 1788.2(d).

26. The Defendants were and are "debt collector" as that term is defined by applicable provisions of California Civil Code Section 1788.2(c).

27. The Defendants executed a "debt collection" as that term is defined by applicable provisions of California Civil Code Section 1788.2(b).

28. Under the provision of California Civil Code Section 1788.14 the Defendants were and are prohibited from communicating with Plaintiff because **she was represented by attorney who gave explicit instructions to cease such communications**.

29. Defendants violated California Civil Code 1788.14 at least (15) times because each of the letters counts as a violation.

30. The actions and conduct of the Defendants were and are oppressive and abusive in violation of the applicable provisions of California Civil Code Section 1788.14.

31. As a result thereof, the Defendants are liable for statutory damages ranging from $1,500 to $15,000.00, actual damages, and reasonable attorney fees under California Civil Code Section 1788.30.

**Third Claim for Relief**
**(Fair Debt Collection Practices Act)**

32. The allegations in paragraphs 1 through 30 of this complaint are realleged and incorporated herein by this reference.

33. The Defendants violated the FDCPA. Defendants' violations include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. Section 1692d.

34. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for actual damages, statutory damages of $1,000.00, and attorney's fees.

**Fourth Claim for Relief**
**(Contempt of Court Order Under Section 105)**

35. The allegations in paragraphs 1 through 33 of this complaint are realleged and incorporated herein by this reference.

36. The Defendants violated the Court discharge order and should be sanctioned under 11 U.S.C. 105. Specifically, Defendant sent Plaintiff at least **150 PAGES OF PAPER SOLICITING PAYMENT.** No matter what excuse Defendants raise, there is no reason to send that volume of paperwork to Plaintiff except to harass her. Some letters were sent **twice on the same date**. At some point, the Defendants have to stop attempting to collect on the debt.

37. As a result of the above violations 11 USC 105, the Defendants are liable to the Plaintiff for actual damages, statutory damages, and attorney's fees.

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendants respectfully pray of the Court as follows:

A. That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

E. That this Court order the Defendants to pay additional actual damages of $100.00 and statutory damages in a sum of $15,000.00 by the Court for violation California Civil Code Section 1788.30, et seq.;

F. That this Court order the Defendants to pay additional $100.00 in actual damages and statutory damages in a sum $1,000.00 for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

G. That the underlying debt to the Defendants be forever canceled and discharged; and

H That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Date this the 26th day of August 2010.

Dated: 8/26/2010        /s/ Larisa Vaserman
                        LARISA VASERMAN
                        Debtor

Dated: 9/22/2010        /s/ Eddy Hsu
                        Eddy Hsu, Esq.
                        Attorney for Debtor